```
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASENO.10-21890-CIV-GOLD
                                MAGISTRATE JUDGE P. A. WHITE
```

JOHNNIE BARR,                     :

    Plaintiff,                :

v.                                :         REPORT OF
                                             MAGISTRATE JUDGE
FLORIDA DEPT. OF CORRECTIONS
et al.,                           :

    Defendants.               :
_____

## I. Introduction

The plaintiff Johnnie Barr, housed at the Union Correctional Institution, filed a _pro se_ civil rights complaint on June 7, 2010, (DE#1). He was ordered to file an amended complaint and he filed a statement of facts (DE#15) and two amended pleadings (DE#17 & 19), pursuant to 42 U.S.C. §1983, alleging lack of proper medical treatment.  The plaintiff is proceeding _in forma pauperis_. [DE# 5].

## II. Applicable Screening Law

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                    \*   \*   \*

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>the court shall dismiss the case at any time if the court determines that –
>
>\* \* \*
>
>(B) the action or appeal –
>
>\* \* \*
>
>(i) is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most

3

plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names multiple defendants, including the Secretary and Chief Medical Officer of the Department of Corrections, the Warden and Chief Medical Officer of the South Florida Reception Center, and several doctors from the Kendall Regional Medical Center. In his initial complaint (DE#1), the plaintiff states that he was seen in the emergency room at the South Florida Reception Center on December 24, 2009, for frequent vomiting. He was then transported to Pembroke Pines Emergency Center and from there to the Kendall Medical Hospital. Upon entry, he states he was non-responsive to commands and was diagnosed with Dysphagia (difficulty with swallowing) and a history of larynx cancer. He contends that doctors erroneously inserted a feeding tube into his stomach, and that it has not been removed. He further states he was not consulted on the need for the procedure. He contends the diagnosis of a history of larynx cancer rendering him unable to eat or swallow was incorrect. He seeks monetary damages and a Court Order to remove the feeding tube.

In his statement of facts (DE#15) he again alleges that the diagnosis was incorrect and the surgery was unnecessary. He includes some of his medical records from the Kendall Medical Center. They support his statements that he was non-responsive upon admittance and as a result of a history of laryngeal cancer was unable to eat, resulting in the introduction of a feeding tube. His further amendments, (DE#s17 & 19), essentially raise the same allegations.

---

[1] The application of the _Twombly_ standard was clarified in _Ashcroft v. Iqbal_, 129 S.Ct. 1937 (2009).

A. Lack of Adequate Medical Care

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with

5

deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, and most germane to the allegations in this complaint, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v.

Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

In this case, it appears that the plaintiff's assessment of his medical problems and the treatment he should have received differs from the care prescribed by the physicians, particularly the use of the feeding tube. From the plaintiff's own admittances, he was unresponsive when he was brought into the hospital, suffered from repeated vomiting and had a history of prior cancer affecting his ability to swallow. He was seen by multiple physicians, and without having to rely on the specific content of their medical notes, it appears that the plaintiff was provided constant treatment in an attempt to alleviate his serious condition.

If the plaintiff disagrees with his treatment, his recourse would be a malpractice suit in state court. His claims in this complaint do not demonstrate inadequate medical treatment rising to an Eighth Amendment violation.

III.   Recommendation

It is therefore recommended that the complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 4th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Johnnie Barr, Pro Se
      DC No. 670358
      Union Correctional Institution
      Raiford, FL
      Address of record