UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 10-21890-CV-GOLD/WHITE

JOHNNIE BARR,

    Plaintiff,

v.

FLORIDA DEPT. OF CORRECTIONS, *et al.*

    Defendants.

_____/

**ORDER ADOPTING AND AFFIRMING MAGISTRATE'S
REPORT AND RECOMENDATION [ECF No. 20]; DISMISSING WITH
PREJUDICE PLAINTIFF'S AMENDED COMPLAINT [ECF No. 19]; CLOSING CASE**

THIS CAUSE is before the Court upon U.S. Magistrate Judge Patrick A. White's Report and Recommendation entered on October 4, 2010 ("Report"). **[ECF No. 20]**. The Report recommends dismissing the 42 U.S.C. § 1983 complaint of Plaintiff Johnnie Barr ("Plaintiff"), who is proceeding *in forma pauperis*, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff filed Objections to the Report on October 15, 2010. **[ECF No. 22]**. Having reviewed the Report, Plaintiff's Objections, relevant parts of the record, and applicable law, I ADOPT and AFFIRM the Magistrate Judge's Report.

I.    **Factual background**

On December 24, 2009, Plaintiff, an inmate at Union Correctional Institution, was rushed to the emergency room at South Florida Reception Center for frequent vomiting. **[ECF No. 20, p. 4]**. After an initial diagnosis, Plaintiff was transferred to Pembrook Pines Emergency Center and later to Kendall Medical Center. *Id.* Upon arriving at Kendall Medical Center, Plaintiff was unresponsive to commands from medical

personnel.[1] Plaintiff was diagnosed with dysphagia, a medical condition resulting from an inability to swallow and a history of laryngeal cancer. *Id.* After diagnosis and observation, doctors proceeded with an operation to insert a feeding tube into Plaintiff's stomach. *Id.* The tube was inserted to assist Plaintiff with eating, a task that had been severely hampered by his condition at the time. *Id.*

## II.   Procedural history

In the initial *pro se* complaint filed on June 7, 2010, Plaintiff alleges that his 42 U.S.C. § 1983 rights were violated for lack of proper medical treatment. **[ECF No. 1]**. Plaintiff's motion to proceed *in forma pauperis* was granted on June 16, 2010. **[ECF No. 5]**. Judge White twice ordered Plaintiff to file an amended complaint on July 28, 2010 and August 5, 2010. **[ECF Nos. 13, 16]**. Specifically, Judge White instructed Plaintiff that "[t]he plaintiff must file one single complete amended complaint listing each defendant separately, with a separate paragraph as to the actions of each defendant." **[ECF No. 13, p. 1]**. The order also advised Plaintiff that

> The amended complaint must include all allegations against every defendant and must state all relief which is sought; it cannot just add to the original complaint. This is because the amended complaint will become the only active complaint in the case. Nothing in the original complaint will be considered after the amended complaint is filed.

*Id.* at 2.

---

[1] In his original Complaint, Plaintiff alleges that he was "non responsive to commands when he reached Kendall Medical Center." **[ECF No. 1, p. 5]**. Plaintiff's amended Complaint alleges that Plaintiff was awake with his eyes open, but unable to communicate verbally. **[ECF No. 17, p. 13]**. Plaintiff also asserts that he had no life-threatening injuries and his vital signs were normal. *Id.* The medical record shows that upon arrival at Kendall Medical Center, Plaintiff was awake with his eyes open but unresponsive to verbal commands. **[ECF No. 15, p. 10]**.

2

Prior to filing the Amended Complaints, Plaintiff filed a Statement of Facts on August 2, 2010. **[ECF No. 15]**. The Statement of Facts also included a copy of Plaintiff's medical records. *Id.*

On August 5, 2010, Judge White issued a Second Order Requiring Amended Complaint for Plaintiff's failure to comply with the first order which required that Plaintiff file one single complete amended complaint listing each defendant separately, with a separate paragraph as to the actions of each defendant. **[ECF No. 16, p. 1]**. Judge White determined that Plaintiff's list of names **[ECF Nos. 14, 15]** was "not an acceptable amended complaint." *Id.* Accordingly, Judge White ordered that **[ECF Nos. 14, 15]** were "stricken, with the exception of the medical records provided in **[ECF No. 15]**, which may be considered part of the record if needed." *Id.* at ¶ 7.

Plaintiff filed two Amended Complaints on August 9, 2010, and August 30, 2010, respectively. **[ECF Nos. 17, 19]**. In the First Amended Complaint, Plaintiff specifically designated the "Responsibility" and "Action" for each defendant that allegedly violated his rights. **[ECF No. 17]**. He concluded with a brief summary of the same allegations advanced in his original Complaint and listed the damages requested from each Defendant. *Id.* In the Second Amended Complaint, Plaintiff simply repositioned the placement of his requested damages to the same page as the corresponding Defendants and removed the "Responsibility" section from each Defendant's description. **[ECF No. 19]**. In fact, Plaintiff's Second Amended Complaint alleges the least amount of facts out of the three complaints. *Compare* **[ECF No. 19]** *with* **[ECF Nos. 1, 17]**.

### III. Standard of review

After careful review of a Magistrate Judge's report and recommendation, a District Judge may "accept, reject or modify, in whole or in part, the [M]agistrate [J]udge's findings and recommendation." 28 U.S.C. § 636(b)(1)(C). I review Plaintiff's Objections to the Report *de novo*. As the Eleventh Circuit stated in *LoConte v. Dugger*:

> Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue. As the use of the phrase *de novo* implies, the district court's consideration of factual issue must be independent and based upon the record before the court.

847 F.2d 745, 750 (11th Cir. 1988) (internal citation omitted).

Plaintiff's Objections must also be read against the relevant standard for *in forma pauperis* proceedings. The Report correctly asserts that under 28 U.S.C. § 1915(e)(2)(b)(ii), an action or appeal may be dismissed if it fails to state a claim upon which relief can be granted. **[ECF No. 20, pp. 1-2]**. The Eleventh Circuit has held that 28 U.S.C. § 1915(e)(2)(b)(ii) "tracks the language of Federal Rules of Civil 12(b)(6)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Therefore, in order to state a claim upon which relief can be granted under 42 U.S.C. § 1983, a plaintiff must show: 1) "that the defendant deprived [Plaintiff] of a right secured under the Constitution or federal law," and 2) "such a depravation occurred under color of state law." *Arrington v. Cobb County*, 139 F. 3d 865, 872 (11th Cir. 1998).

In assessing whether a plaintiff has sufficiently alleged a valid cause of action, two considerations guide the court's analysis. First, "the tenet that a court must accept a Complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129

4

S.Ct. 1937, 1940 (2009). Second, "determining whether a Complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* Although Plaintiff's legal conclusions create the framework for his Complaint, those conclusions must be supported by sufficient factual allegations in order to survive a motion to dismiss. *Id.* at 1941. Accordingly, I proceed to analyze whether Plaintiff's Second Amended Complaint contains sufficient allegations to survive a motion to dismiss.[2]

### IV. Applicable law

Pursuant to 28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis*,

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>   (A) the allegation of poverty is untrue; or
>
>   (B) the action or appeal—
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).

In accordance with the requirements of 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his Eight Amendment right to be free from cruel and unusual

---

[2] To be clear, I review whether Plaintiff has alleged sufficient facts to support a valid cause of action under 42 U.S.C. § 1983 in the operative Second Amended Complaint. The Report, which references Plaintiff's original complaint **[ECF No. 1]**, statement of facts **[ECF No. 15]**, and Plaintiff's two Amended Complaints **[ECF Nos. 17, 19]**, does not explicitly set forth which specific pleading it uses to support its conclusion that Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). **[ECF No. 20, p. 8]**.

punishment. While the Eighth Amendment prohibits any punishment which violates civilized standards of decency, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *McElligott v. Foley*, 182 F. 3d 1248, 1254 (11th Cir. 1999) (citation omitted).

In order to prevail in a claim for denial of medical treatment, Plaintiff must allege both an objective and subjective component. *Taylor v. Adams*, 221 F. 3d 1254, 1257 (11th Cir. 1995). First, Plaintiff must allege that a serious medical condition exists. *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). Second, Plaintiff must prove that a prison official acted with an attitude of "deliberate indifference" with regard to that serious medical need. *Id.*

To state a claim for deliberate indifference, a Plaintiff must allege: "1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; 3) by conduct that is more than [gross] negligence." *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). Deliberate indifference usually arises where there has been a complete denial of medical care, not where treatment was inadequate, substandard, or a "different mode." *Surber v. Dixie County Jail*, 206 Fed. Appx. 931, 933 (11th Cir. 2006). In fact, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F. 2d 1495, 1505 (11th Cir. 1991). In order to survive a motion to dismiss, Plaintiff must allege that his Eight Amendment rights were violated by state officials that treated Plaintiff's serious medical condition

with deliberate indifference. *Adams*, 61 F.3d at 1543. Taking this highly deferential standard into consideration, I turn to Plaintiff's claims.

## V.     Analysis

Plaintiff alleges in his Second Amended Complaint that: 1) the medical diagnosis stating that he had dysphagia and a history of laryngeal cancer was incorrect, and 2) the surgery that inserted a feeding tube into Plaintiff's stomach was unnecessary and administered without his consent. *See* **[ECF No. 19, p. 10]**. Plaintiff's claim of deliberate indifference can be summarized in one sentence, where Plaintiff claims that Defendants "fail[ed] to evaluate and asse[ss] [Plaintiff's] medical condition which result[ed] in an un-necessary [*sic*] placement of [a] G2-feeding tube constitut[ing] deliberate indifference." *Id.* at 11. Additionally, Plaintiff's Objections assert that his medical treatment was conducted "wantonly" and that the inadequate treatment violated "fundamental fairness." **[ECF No. 22, p. 3]**. Despite reading Plaintiff's Second Amended Complaint broadly,[3] I find that Plaintiff has not: 1) sufficiently alleged how the feeding tube in his stomach is an objectively serious medical condition, or 2) alleged any facts supporting the conclusion that Defendants acted with "deliberate indifference" to Plaintiff's serious medical need. *Adams*, 61 F.3d at 1543.

### A.     Objectively serious medical need

First, at no point does Plaintiff adequately allege how the tube in his stomach was an objectively serious medical need. Serious medical need can result from a minor condition that produces a significant amount of pain. *Brown v. Hughes*, 894 F.2d 1533,

---

[3] In accordance with Eleventh Circuit case law, I read the *pro se* Plaintiff's Amended Complaint and Objections liberally. *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000). Despite this leniency, Plaintiff's allegations still must present factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 125 S.Ct. 1955, 1964-65 (2007).

7

1538 (11th Cir. 1990) (broken foot can be a serious medical need). However, an objectively serious medical need requires that the condition, if untreated, "pos[e] a substantial risk of serious harm" to the point where the "treatment was so inadequate that it constituted an unnecessary and wanton infliction of pain." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Broadly construing the allegations of the Second Amended Complaint, Plaintiff essentially asserts that the tube created a serious medical condition because it was unnecessarily inserted without his consent. **[ECF No. 19, p. 11]**. He does not allege any pain, discomfort, or diminished health as a result of the tube's placement in his stomach. Plaintiff's allegation of lack of consent does not demonstrate an objectively serious medical need.

Furthermore, Plaintiff has not provided any factual support to his threadbare allegation of lack of consent. The Second Amended Complaint fails to adequately allege how or why Defendants inserted of the tube without Plaintiff's consent, nor does Plaintiff specifically allege that the lack of consent was evidence of Defendants' deliberate indifference. *See infra* § V.B. Plaintiff has simply not alleged any facts to support how his condition was objectively serious, and therefore fails to meet the first part of the denial of medical treatment claim.

**B.   Deliberate indifference**

Plaintiff has also failed to allege the required elements for the second prong of his claim for denial of medical treatment to show that Defendants acted with deliberate indifference. Plaintiff only alleges deliberate indifference in one sentence, focusing on Defendants' alleged failure to properly diagnose Plaintiff's medical condition which led to the placement of the feeding tube. **[ECF No. 19, p. 11]**. Plaintiff has not alleged that

Defendants knew that diagnosing Plaintiff and subsequently inserting a feeding tube into Plaintiff's stomach involved a risk of serious harm, nor does he allege that Defendants disregarded that risk by conduct of more than gross negligence. *See Townsend*, 601 F.3d at 1158. Instead, Plaintiff claims Defendants misdiagnosed him, which led to an improper insertion of the feeding tube. However, a misdiagnosis as Plaintiff has alleged does not rise to the level of deliberate indifference necessary for Plaintiff's 42 U.S.C. § 1983 claim. *See Chatham v. Adcock*, 334 F. App'x. 281, 288 (11th Cir. 2009) ("nor does a simple disagreement over a diagnosis or course of treatment constitute deliberate indifference. As long as the medical treatment provided is minimally adequate, a prisoner's preference for a different treatment does not give rise to a constitutional claim.") (internal quotations omitted).

Moreover, Plaintiff has not alleged any other conduct that might demonstrate deliberate indifference on behalf of Defendants. Plaintiff has not alleged that any of the Defendants failed or refused to treat him. *See Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997). Nor has he shown that Defendants exercised a "choice of an easier but less efficacious course of treatment" in treating Plaintiff's medical condition. *See Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989). Therefore, without alleging sufficient facts to support a valid cause of action under 42 U.S.C. § 1983—*i.e.*, an objectively serious medical condition and Defendants' deliberate indifference, Plaintiff's Second Amendment Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(b)(ii).

In Plaintiff's Objections to the Report, Plaintiff argues that "under the Eighth Amendment[,] a claim of inadequate medical treatment and malpractice claim of

wrongful medical treatment and prison officials acted wantonly [sic]." **[ECF No. 22, p. 3]**. Broadly construing Plaintiff's Objections, Plaintiff appears to argue that one basis of his complaint is medical malpractice. However, the Eleventh Circuit has stated that "[s]imple medical malpractice certainly does not rise to the level of a constitutional violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989). Accordingly, Plaintiff's Objections which point to Defendants' alleged malpractice do not rise to the level of an Eighth Amendment violation and the Objections fail to provide a basis for declining to adopt and affirm the Report.

### C.   Statement of facts & medical records

Even liberally construing Plaintiff's *pro se* filings and considering the Second Amended Complaint claims in light of the entire record, Plaintiff has still not pled sufficient facts to state a valid cause of action under 42 U.S.C. § 1983. Notably absent from Plaintiff's Second Amended Complaint is any allegation that the feeding tube remained improperly present in his stomach five weeks after the surgery. In the First Amended Complaint, Plaintiff essentially argued that the length of time the tube remained in his stomach was positively correlated with the seriousness of his medical condition.[4]  **[ECF No. 17, p. 12]**. However, Plaintiff's medical records show that after surgery, the tube was scheduled to remain in Plaintiff's stomach for a minimum of six weeks. **[ECF No. 15, p. 28]**. Moreover, the medical records suggest that the purpose of inserting the tube was not to create, but rather to alleviate, the serious medical condition Plaintiff exhibited while at Kendall Medical Center. Therefore, Plaintiff cannot

---

[4] One plausible explanation for the absence of this argument from the Second Amended Complaint is that the tube was removed from his stomach during the three weeks between the filing of Plaintiff's two amended complaints. This conclusion coincides with the recommended length of time that the tube should remain in Plaintiff's stomach as suggested by his medical records. **[ECF No. 15, p. 28]**.

and has not alleged that the presence of the tube over a long period of time, which did not require immediate attention, was a serious medical condition. This conclusion is supported by the fact that Plaintiff has not alleged any pain resulting from the presence of the tube in his stomach. Quite simply, none of Plaintiff's pleadings alleged adequate facts to demonstrate how placement of the medical feeding tube is an objectively serious medical condition.

Plaintiff's medical records which he appended to his statement of facts also show that his diagnosis was reasonable based on symptoms Plaintiff exhibited when admitted to Kendall Medical Center. The medical records illustrate a detailed analysis of Plaintiff's condition and the steps several physicians took to improve his health. **[ECF No. 15, pp. 12-31]**. Furthermore, Plaintiff has not alleged how the diagnosis was improper and has failed to allege an alternate diagnosis. See *Chatham*, 334 F. App'x. at 288. (simple disagreement with diagnosis is not sufficient to constitute deliberate indifference).

The record also shows that Plaintiff's surgery requiring insertion of a feeding tube was, in the best judgment of the operating physician, "medically necessary." **[ECF No. 15, p. 22]**. Documented records indicate that at least one physician made a written request to obtain consent from Plaintiff, but Plaintiff's minimally responsive condition prevented him from giving consent while hospitalized. **[ECF No. 15, p. 19]**. Indeed, the medical records supplied by Plaintiff in his statement of facts suggest that after four days of diagnosis and treatment, Plaintiff's physicians decided that receiving knowledgeable consent from Plaintiff would be nearly impossible within the time constraints created by his condition. Accordingly, the physicians proceeded with the

operation believing that it was in Plaintiff's best interest. **[ECF No. 15, p. 22]**.

Furthermore, upon reviewing medical records submitted with Plaintiff's Statement of Facts, it is not clear that Plaintiff failed to receive adequate medical treatment rising to the "deliberate indifference" standard. **[ECF No. 15, pp. 8-25]**. Plaintiff willingly acknowledges that he received substantial medical treatment and his pleadings primarily challenge the diagnosis and treatment approach of the team of physicians assisting him.[5] **[ECF No. 17, 19]**.

### D. Conclusion

Despite reading Plaintiff's *pro se* Second Amended Complaint broadly, the allegations simply have not asserted the elements necessary to survive a motion to dismiss. More specifically, Plaintiff has not alleged sufficient facts to demonstrate that he suffered from an objectively serious medical condition, nor Plaintiff adequately he alleged that Defendants acted with deliberate indifference toward a serious medical need. Accordingly, after reviewing the Report, Plaintiff's Objections, the record, and all applicable law, it is hereby

ORDERED AND ADJUDGED:

1. The Report **[ECF No. 20]** is AFFIRMED AND ADOPTED.
2. Plaintiff's Amended Complaint **[ECF No. 19]** is DISMISSED WITH PREJUDICE for failure to state a cause of action upon which relief can be granted under 28 U.S.C. § 1915.
3. This case is CLOSED.

---

[5] None of Plaintiff's pleadings allege a lack of medical care. Instead, Plaintiff's allegations concede that he was diagnosed, treated, and operated on by several physicians over a period of four days. **[ECF Nos. 1, 15, 17, 19]**.

12

DONE AND ORDERED in Chambers in Miami, Florida this __11__ day of April, 2011.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:    U.S. Magistrate Judge Patrick A. White

Johnnie Barr, *Pro Se*
DC No. 670358
Union Correctional Institution
7819 N.W. 228th St.
Rainford, Fl 32026-1230